SO ORDERED: April 06, 2007.

_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RITA S. COMBS | ) | CASE NO. 04-15374-AJM-7A |
| | ) | |
| Debtor | ) | |

**ORDER ON DISPOSITION OF INSURANCE PROCEEDS**

*Background*

The Debtor filed a chapter 13 case which was converted to a chapter 7 case on January 11, 2005 without a chapter 13 plan having been confirmed. Randall Woodruff (the "Trustee") was appointed the chapter 7 trustee and declared the case an asset case. One of the assets of the estate was the equity in the Debtor's residence and the Trustee sold the Debtor's residence on January 9, 2006. On December 13, 2006 the Trustee moved for turnover of a $7500 overpayment (the "Overpayment") made to the Debtor with respect to her allowable homestead exemption. In resolution of that turnover motion, the Trustee and the Debtor entered into and filed on February 20,

1

2007 an "Agreed Entry Concerning Repayment of Overpayment of Debtor's Exemption in Real Property and Request for Instructions Concerning Disposition of Insurance Proceeds" (the "Agreed Entry").  After crediting the Debtor with (1) the costs of repair and renovation she made to the residence before it was sold against (2) the Overpayment owed to the Trustee, the parties have agreed and have provided in the Agreed Entry that the Debtor should turn over $1924.13 to the Trustee.

The Agreed Entry further provides that the Debtor's counsel on Debtor's behalf received on February 16, 2007 and deposited in his trust account a check in the amount of $11,722.50 (the "Insurance Proceeds") representing proceeds of an insurance policy payable to the Debtor's late husband, David, ("David") who died of cancer on December 18, 2001.  The insurance policy was described as "cancer indemnity insurance" and purportedly insured the costs of David's cancer treatments.  The Debtor's $1924.13 portion to be turned over will be taken out of the Insurance Proceeds and paid to the Trustee pursuant to the Agreed Entry, which will leave a balance of $9798.37 (the "Disputed Funds") left in counsel's trust account.

Although the Agreed Entry resolved the Trustee's turnover motion with respect to the Overpayment, it left unsolved the disposition of the Disputed Funds.  The Debtor claims that the Disputed Funds should first be paid to her to reimburse her for (1) post petition attorneys' fees she has incurred in the sum of $3473.04 ; (2) funeral and burial expenses (in the approximate amount of $8511.80) as allowed by Ind. Code §29-1-14-9(a)(2) and finally, for (3) payment of a "family allowance" as provided for under Ind. Code §29-1-14-9(a)(3).   The attorneys' fees and burial expenses together total an amount that exceeds the Disputed Funds and therefore, if the Debtor prevails here,

2

there would be no funds left for distribution to any other creditors with allowed claims in this bankruptcy case. The Trustee alleges that he is entitled to the Disputed Funds.

Hearing on the disposition of the Disputed Funds was held on March 14, 2007 wherein the Trustee appeared in person; the Debtor appeared by counsel David Murphy. This entry constitutes findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P 7052.

## *Discussion*

Ind Code §29-1-14-9 appears to be the probate code's counterpart to Bankruptcy Code Section 507 in that it lists the priority and order in which claims against a *decedent's* estate are to be paid. Following payment of the first priority of "costs and expenses of administration" claims are second priority claims consisting of "reasonable funeral expenses" (Ind Code §29-1-14-9(a)(2)) and third priority claims of "allowances made under IC 29-1-4-1 [1]" (Ind Code §29-1-14-9(a)(3)). What Ind Code §29-1-14-9 addresses are claims against *David's* probate estate. The Debtor's argument appears to be that the Insurance Proceeds were part of David's probate estate and that the Debtor has a claim in that estate, payable from the Insurance Proceeds. The Court is hampered somewhat by the fact that the insurance policy was neither attached as an exhibit to the Agreed Entry nor introduced into evidence. However, assuming *arguendo*, that the Debtor is correct, the Debtor fails to further explain how whatever recovery she is entitled to from David's probate estate is

---

[1] IC 29-1-4-1 provides for a $25,000 allowance to be paid to the surviving spouse of a decedent domiciled in Indiana at his death.

somehow exempt from inclusion in *her* bankruptcy estate.

Bankruptcy Code Section 541(a)(1) broadly defines "property of the estate" to include all legal or equitable interests of the debtor in property as of the commencement of the case, wherever located and by whomever held.  Property that is property of the estate may not be subject to turnover to the bankruptcy trustee if it is exempt.  Since Indiana is an "opt out" state, debtors domiciled in Indiana are entitled to claim only the exemptions allowed under Indiana – and not federal bankruptcy – law.  See, 11 U.S.C. §522(b)(1). [2]  Indiana's general exemption statute, found at Ind Code §34-55-10-2, does not exempt funds received by a debtor under either Ind Code §29-1-14-9(a)(2) or (a)(3).  The Debtor has not directed the Court to any other Indiana statute that specifically exempts from the reach of creditors and the trustee any recovery under Ind Code §29-1-14-9(a)(2) or (a)(3) and the Court has found none in its search.

In the March 14th hearing, the Debtor seemed to argue that, had the funeral expenses of $8511.80 remained unpaid, the funeral director would have been entitled to payment of that sum from the Insurance Proceeds, and that, since the Debtor paid them from her own funds, she was subrogated to the funeral director's right to payment. Nothing in Ind Code §29-1-14-9 provides for any right of subrogation.  More importantly, had the funeral expenses remained unpaid, the funeral director most likely would have had an claim for $8511.80 against the probate estate which would have been satisfied from the Insurance Proceeds.  But in such case, the Debtor would have still been in

---

[2] This reference is to the Bankruptcy Code (11 U.S.C. 101, et seq) as it existed prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") which became effective for cases filed on and after October 17, 2005.  This case was originally filed on August 24, 2004 and therefore the provisions of BAPCPA do not apply.

4

possession of $8511.80 of her own money and that amount would have been subject to turnover to the Trustee. Given the broad definition of "property of the estate" and the fact that the Debtor has failed to address how whatever recovery *she* may be entitled to from David's probate estate is exempt from the reach of the bankruptcy trustee for *her* creditors, the Court finds that the Disputed Funds are property of the bankruptcy estate, subject to turnover to the Trustee.

The Debtor also argued that she should be reimbursed from the Disputed Funds for attorney's fees in the amount of $3473.04 incurred post petition but again cites no authority to support her position. Compensation of attorneys' fees from bankruptcy estate funds is controlled by Bankruptcy Code Section 330. That section does not authorize payment of attorney's fees from estate funds in a chapter 7 case unless the attorney has been employed by the trustee under Bankruptcy Code Section 327 and approved by the court. *Lamie v. United States Trustee*, 540 U.S. 526, 124 S.Ct. 1023 (2004). Since the Debtor's attorney was not so employed, this argument fails.

### *Order*

Accordingly, the Court now ORDERS that the Disputed Funds in the amount of $9798.37, less any allowable exemptions, be turned over to the Trustee within 21 days of the date of this order.

# # #

Distribution:

David P. Murphy, Attorney for Debtor
Randall L. Woodruff, Chapter 7 Trustee
Nancy J. Gargula, United States Trustee