**SO ORDERED: June 28, 2007.**

**Anthony J. Metz III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

IN RE:                                    )
                                          )
RITA S. COMBS                             )          CASE NO. 04-15374-AJM-7A
                                          )
        Debtor                            )

**ORDER DISMISSING APPEAL**

On April 6, 2007, this Court entered its "Order on Disposition of Insurance Proceeds" (the "April 6th Order") which directed the Debtor to turn over to the Chapter 7 trustee certain funds that the Court found to be property of the bankruptcy estate.  The April 6th Order was docketed on April 6, 2007.   On April 17, 2007, the Debtor filed her "Notice of Appeal" with respect to the April 6th order.  On April 22, 2007 the Chapter 7 Trustee filed his "response" to the notice of appeal, alleging that it was untimely filed. Hearing on the matter was held on June 20, 2007.

Rule 8002(a)  of the Federal Rules of Bankruptcy Procedure (Fed R. Bankr. P. 8002(a)) provides that a notice of appeal "shall" be filed within ten (10) days from the

1

date of the entry (placing on the docket) of the order appealed from.  Fed. R. Bankr. P

9006(a) provides that the first day of the ten day period should not be included, but the

last day should.  Using this guideline, the 10th and final day to file a timely notice of

appeal was Monday, April 16th.   Fed. R. Bankr. P 9006(a) likewise provides that, if the

last day of the period falls on a weekend or a "legal holiday", it shall be excluded in the

computation.  Thus, if Monday, April 16th was a "legal holiday", that day would be

excluded and the next includable day (Tuesday April 17th) would be the final day to file a

timely notice of appeal.  Thus, whether the notice of appeal was timely filed depends on

whether Monday April 16th was a "legal holiday".

Fed. R. Bankr. P. 9006(a) defines "legal holiday" as New Year's Day, Birthday of

Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day,

Labor Day, Columbus Day, Veteran's Day, Thanksgiving Day, Christmas Day and "any

other day appointed as a holiday by the President or the Congress of the United States,

or by the state in which the court is held".  The Court's inquiry reveals that Washington,

D. C. celebrated "Emancipation Day" but that no such legal holiday was declared for

Indiana.  The Debtor's counsel argued that the Internal Revenue Service and the

Indiana Department of Revenue extended to April 17th the deadline to file tax returns,

which normally would have been due April 16th.  The extension by the IRS and the IDR

of a filing deadline is not tantamount to declaration by the President or Congress of a

legal holiday.  Hence, no applicable "legal holiday" occurred on April 16th and therefore

that day should have been included in the ten-day period computation.  Accordingly, the

last date to file a timely notice of appeal was Monday, April 16th.

Having decided that the notice of appeal is untimely, the Court finds that it has

2

jurisdiction to dismiss this appeal.  Under Fed. R. Bankr. P. 8001(a), not the bankruptcy court, but only the district court and, if applicable, the bankruptcy appellate panel, may take action with respect to any issue *other than* the timely filing of a notice of appeal. However, the bankruptcy court is not similarly prohibited from taking action with respect to the issue of the timely filing of a notice of appeal.  Accordingly, the Court finds that this appeal should be and hereby is DISMISSED.

# # #


Distribution

Debtor's Attorney
Case Trustee
United States Trustee

3